Nott, Ch. J.,
concurring:
In 1891 the claimant was “ disbursing clerk in the Treasury Department.” On the 27th November, 1891, the Secretary of the Treasury appointed him “ disbursing agent ” on account of the appropriation for the Washington post-office, then about to be erected. There were two diverse statutory provisions then in force, one of which (Rev. Stat., § 255) authorized the Secretary of the Treasury to “ designate any officer of the United States who has given bonds for the faithful performance of his duties, to be disbursing agent for the payment of all moneys authorized for the construction of "public buildings;” the other (§ 3658) authorized the Secretary, in certain cases, to “ appoint a disbursing agent for the payment of all moneys appropriated for the construction of any such public work, with such compensation as he. may deem equitable and just.” The words of the Secretary were:
“ You are hereby appointed disbursing agent for such funds as may be advanced to you from time to time on account of the appropriation for post-office, Washington, D. C. You will be entitled to such compensation for the services named as is provided by law.”
It is therefore manifest that the Secretary did not “ designate ” the claimant, to act under the one section, and did “ appoint ” him, or intend to appoint him, under the other. The claimant not having been “ designated ” under section 255, it never became a part of his duty as a disbursing officer in the Treasury to disburse the moneys for the Washington post-office.
The Secretary of the Treasury is something more than an administrative officer. The Supreme Court has held again and again that the heads of the Executive- Departments are charged with the duty of construing the lawTs which affect the business of their Departments, and a clerk in a Department may well lean upon the construction given to the statutes by one of the chief officers of state charged with the duty of construing the laws which relate to the business of his Department.
Under this appointment the work of disbursing the funds *346 appropriated for the Washington post-office went on for about nine years; and during these nine years the claimant disbursed $2,450,710.10. The work must have been considerable, but the responsibility was very great. If the claimant had committed an error of one dollar in these disbursements that argus-eyed impersonality known as “ the accounting officers ” would have detected it, and it would have been charged to him and deducted from his salary as disbursing officer. The work, moreover, was done in addition to the regular duties of his office as disbursing officer. That is to say, while he continued to do his ordinary regular work as disbursing clerk of the Treasury Department he was required for nine years to perform other work and to assume a very serious responsibility.
It is plain that the Secretary did not intend to cast this burden upon the claimant without remuneration, and conversely it may be supposed that if the Secretary had known that the service was to be a gratuity rendered to the Government, he would never haAre appointed him “ disbursing agent ” of this Washington post-office. Both parties understood that the work was to be in addition to the claimant’s ordinary duties; both parties believed that for this additional work he would be compensated.
If the responsible managing officer of a private corporation had employed an employee to work over hours under such an agreement, and the corporation had received the benefit of such work, no one could entertain a doubt as to the right of the employee to recover either in quantum meruit or for the compensation which the managing officer had agreed to give him.
Nevertheless, the merciless doctrine of ultra vires, coupled with the despotic rule that “ while individuals are liable to the extent of the power they have apparently given to their agents, the Government is liable only to the extent of the power it has actually given to its officers,” must, I regret to say, preclude the claimant from recovering.
To rightly construe section 255 of Revised Statutes we must go back to the Act 3d March, 1869 (15 Stat. L., 301, 306), from which it is taken verbatim. When that act was *347 passed the Act 83d August, 181$ (5 Stat. L., 510, § 2), declared that no officer drawing a fixed salary should receive additional compensation for any service, unless it was authorized by law and a specific appropriation ihade to pay it. The two statutes, when read together, meant that the Secretary of the Treasury was authorized to require “ any officer of the United States, ayIio has given bonds for the faithful performance of his du ties, to be disbursing agent for' the payment of all moneys appropriated for the construction of public buildings authorized by law Avithin the district of such officer ” as an additional duty, and that the officer must discharge the duty without additional compensation. The claimant manifestly can not recover as a disbursing officer of the Treasury Department. The resultant question is whether he can recover as a “ disbursing agent,” “ appointed ” by the Secretary of the Treasury under the cither statute, section 3658. '
In 1858 Congress instituted a new policy concerning the disbursements for public buildings, and enacted from time to time laws Avhich should govern them. By the Act 18th June, 1858 (11 Stat. L., 319, 327, sec. 17), it was provided:
' “And be it further enacted, That the collectors of the customs in the sexreral collection districts be, and they are hereby and hereafter, required to act as disbursing agents for the payment of all moneys that are or may hereafter be appropriated for the construction of custom-houses, court-houses, post-offices, and marine hospitals, with such compensation, not exceeding one-quarter of one per cent as the Secretary of the Treasury may deem equitable and just: And provided further, That where there is no collector at the place of location of any public work herein specified the superintendent of such public work shall act as disbursing agent without any additional compensation therefor, and all laAArs and parts of laAvs in conflict Avith the provisions of this section be, and the same are hereby, repealed.”
Congress amended this act by the Act 88th July, 1866 (14 Stat. L., 341), AAdiich struck out the proviso and substituted the f olloAA’ing:
“And pro aided further, That where there is no collector at the place of location of any public work herein specified the Secretary of the Treasury shall have poAver to appoint a *348 disbursing agent for the payment of all moneys that are, or may be hereafter, appropriated for the construction of any such public work, with such compensation as he may deem equitable and just, and all laws and parts of laws in conflict with the provisions of this section be, and the same are hereby, repealed.
These provisions became sections 3657 and 3658 of the Revised Statutes. The sum .and substance of them is that collectors of customs are required to act as disbursing agents for buildings erected in their districts, “ with such compensation, not exceeding one-quarter of 1 per cent, as the Secretary of the Treasury may deem equitable and j ust,” and that “ where there is no collector ” the Secretary may appoint a disbursing agent, with such compensation as he may deem equitable and just. It seems manifest, therefore, that the legislative intent is that where a building is to be erected in a district in which there is a collector of customs, he should be required to act, and he alone; and, conversely, where the building is to be erected in a district where there is no collector, and there alone, the Secretary is authorized to appoint a disbursing agent.
This legislative intent has not been changed by subsequent legislation. By the Act 3d March, 1869 (15 Stat. L., 311, 312), the compensation of officers and agents was cut down to one-eighth of 1 per cent. By the Act 3d March, 1875 (18 Stat. L., 415), the limit of compensation was raised to three-eighths of 1 per cent. By the Act 7th August, 1882 (22 Stat. L., 306), disbursing agents (doubtless referring to those in districts where there is no collector, provided they are “ not located in the city of Washington ”), were declared to be “ entitled to the compensation allowed by law to collectors of customs.” The words of the statute are as follows:
“ * * * And any disbursing agent who has been or may be appointed to disburse any appropriation for any United States court-house and post-office, or other building or grounds, not located within the city of Washington, shall be entitled to the compensation allowed by law to collectors of customs for such amounts as have been or may be disbursed.”
This manifestly relates to compensation and not to the *349 authority of the Secretary of the Treasury to appoint agents. That authority was given bjr previous legislation and remains unchanged.'
The words of this statute just quoted^-" not located within the city of Washington ” — seem to imply that, in the belief of Congress, there was no collector in the city, or rather that the city of Washington was not in the district of any collector. If that were the case, the effect of this statute would be simply that the agent appointed would not be entitled to the same compensation allowed by law to collectors of customs, but under previous legislation would be entitled to such compensation as the. Secretary of the Treasury might see fit to give him. In other words, the act of August 7, 1882, put disbursing agents in districts where there is no collector on the same footing as collectors of customs, excepting those' in the city of Washington.
The question in the suit then narrows down simply to this: Was there a collector whom the law intended should be the disbursing agent of the post-office building in the city of Washington? If there was not, the claimant is entitled to recover under section 3658 “ such compensation as he (the Secretary) may deem equitable and just.” If there was, the Secretary of the Treasury was without power to make tlie appointment, and should have designated the collector of customs to act as disbursing agent.
The Revised Statutes (§ 2546, 2548, 2550, -2551) provide that “ There shall be in the State of Delaware one collection district;” that “There shall be in the State of Maryland three collection districts;” that—
“ There shall be in the District of Columbia one collection district, as follows:
“ The district of Georgetown; to comprise all the waters- and shores of the Potomac River within the State of Maryland and the District of Columbia from Pomonkey Creek to the head of the navigable waters of that river, in which GeorgetoAvn shall be the port of entry.
“ There shall be in the district of Georgetown a collector.”
It seems, then, plain that the city of Washington is within the “ district of Georgetown ” and that the district of Georgetown has a collector. And it consequently seems *350 plain that the district of Georgetown is not a district where the “ Secretary of the Treasury shall have power to appoint a disbursing agent.”